IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| VIVIANNNE JADE WASHINGTON,<br><br>     Plaintiff,<br><br>v.<br><br>INVESTIGATOR JASON DURAND,<br>in his individual capacity,<br>INVESTIGATOR HUGH HOWARD,<br>in his individual capacity,<br><br>     Defendants. | Case No.: |

## COMPLAINT FOR DAMAGES

Plaintiff brings this suit for damages under 42 U.S.C. § 1983 against Defendants Investigator Jason Durand and Investigator Gary Howard for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and for violations of Georgia law. In support, Plaintiff offers the following.

## BACKGROUND

1

On the night before Vivianne Washington was scheduled to leave for college, Defendants arrested her and accused her of committed a horrific burglary and assault that ultimately resulted in the death of an 83 year-old woman. Ms. Washington had nothing whatsoever to do with that crime.

In spite of lacking probable cause to believe she committed any offense and performing no investigation whatsoever into any alleged involvement by Ms. Washington, Defendants arrested her based upon a facially invalid arrest warrant. They then imprisoned her, denied her the ability to contact her family, and repeatedly interrogated her and attempted to extract a confession to a crime she did not commit. Finally, after detaining Plaintiff overnight and without allowing her contact with any person, Defendants, having been satisfied that Plaintiff had nothing whatsoever to do with the crime, released Plaintiff from custody. The ordeal caused Plaintiff significant emotional pain and suffering, distress, embarrassment, humiliation and she now seeks compensation.

## PARTIES

1. Plaintiff Vivianne Washington is a 20-year-old female, a United States Citizen, resident of Georgia, and competent to bring this lawsuit.

2. Defendant Investigator Jason Durand is employed as an investigator with the Meriwether County Sheriff's Office. Investigator Durand is sued in his individual capacity.

3. At all times relevant to the complaint, Investigator Durand acted under the color of law.

4. Defendant Investigator Gary Howard is employed as an investigator with the Meriwether County Sheriff's Office. Investigator Howard is sued in his individual capacity.

5. At all times relevant to the complaint, Investigator Howard acted under the color of law.

JURISDICTION AND VENUE

6. This action arises under the authority vested in this Court by virtue of 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), and the Fourth Amendment of the United States Constitution.

7. This Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

8. Upon service of process, this Court acquires personal jurisdiction of Defendants under Fed. R. Civ. P. 4(k)(1)(a).

9. Venue is proper in the Newnan Division of the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this district and Defendants reside within this district.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

*Plaintiff's Arrest*

10. On August 8, 2016, Plaintiff, 18 years old, was working her last shift at Pie Five Pizza and planning to leave for college at Valdosta State University the following day.

11. At approximately 5:00 p.m., Plaintiff was taking a break from work in a friend's car in the restaurant parking lot when two City of Newnan police officers parked their vehicle behind Plaintiff's friend and approached the car.

12. Officers informed Plaintiff that she was being arrested pursuant to a warrant. The officers ordered Plaintiff to step out of the car and was subsequently handcuffed.

13. Plaintiff had no idea why she had been arrested. Plaintiff had not committed any crime prior to her arrest.

14. Multiple police cars arrived on the scene. In total, five Newnan Police Officers were involved in Plaintiff's arrest.

15. Plaintiff's supervisors, co-workers and customers were able to see numerous police officers taking Plaintiff into custody through the store window.

16. An officer entered the restaurant and informed Plaintiff's manager that Plaintiff was being placed under arrest.

17. Newnan Police Officer Kilgore transported Plaintiff to Meriwether Elementary School, where she was transferred into the custody of the Meriwether County Sheriff's Office.

18. Plaintiff was subsequently booked into jail, where she was interrogated, placed in isolation, and denied usage of the telephone.

*The Warrant Authorizing Plaintiff's Arrest*

19. On August 8, 2016, Defendant Durand sought a warrant for Plaintiff's arrest for one count of First Degree Burglary under O.C.G.A. § 16-7-1 which was alleged to have occurred on August 4, 2016.

20. Defendant Durand stated in his affidavit for arrest of Plaintiff only that, "For the said Defendant did without authority and with intent to commit a felony/theft therein entered the dwelling house of another, to wit: Dorothy Dow located at 7745 Forrest Rd. Grantville, Meriwether County, Georgia."

21. The affidavit contained no facts or explanation of the basis of Defendant Durand's belief that Plaintiff committed the crime.

22. A magistrate issued the arrest warrant that same day, relying solely on the information contained in the affidavit.

*The Crime Against Dorothy Dow*

23. On August 4, 2016—four days before Plaintiff's arrest—Meriwether County Sheriff's Office was dispatched to the home of Dorothy Dow, an 83-year-old Caucasian woman residing in Grantville, GA.

24. At that time, Ms. Dow informed deputies that four black males and one black female broke into her home, demanded money, severely

beat her with a gun, and subsequently doused her with chemicals and set her on fire.

25. Ms. Dow was transported to the hospital in critical condition and induced into a coma. Ms. Dow remained in a coma until at least the evening of August 9, 2016. She subsequently died in the hospital on August 27, 2016 as a result of the injuries she sustained on August 4.

26. On August 8, 2016, officials with Meriwether County Sheriff's Office announced that they believed the crime was committed by day laborers hired to harvest blueberries on Ms. Dow's farm.

27. On August 8, 2016, Cortavius Deshun Heard, age 18, and Justin Pierce Grady, age 38, both of Grantville, GA were arrested for the crimes against Ms. Dow.

28. Plaintiff did not participate in any crime against Ms. Dow and did not know Cortavius Heard, Justin Grady, or any other person who was involved in any way with Dorothy Dow or those who have been charged of the crime against her.

*There Was No Probable Cause to Believe Plaintiff Committed Any Crime*

29. Before obtaining the arrest warrant, neither of Defendants attempted to interview Plaintiff.

30. Defendants had no evidence that Plaintiff knew Dorothy Dow or that Plaintiff had ever been to Ms. Dow's blueberry farm.

31. If Defendants had performed any investigation whatsoever, they would have learned: (a) Plaintiff could have explained whereabouts at the time of the alleged burglary, and verified that fact through numerous witnesses; (b) Plaintiff had no relationship or involvement with any person involved in the burglary or with the victim of the burglary; (c) Plaintiff did not fit the description of any of the individuals who perpetrated the burglary; and (d) Plaintiff had no criminal history or other indication of involvement in any criminal activity.

32. After Plaintiff's arrest and her incarceration in the Meriwether County Jail, she was met by Defendant Howard.

33. Upon entry, Plaintiff was escorted by Defendant Howard past a holding cell containing Cortavius Heard and Justin Grady, both of

whom had been arrested for the August 4 burglary at Ms. Dow's home.

34. Defendant Howard asked the males if Plaintiff was the "correct girl" involved in the crime against Ms. Dow.

35. Both Heard and Grady informed Defendant Howard that Plaintiff was not involved in the crime.

36. During the interrogations of Plaintiff, Plaintiff provided Defendant Howard the password to her cell phone. The search of that cell phone revealed no incriminating evidence whatsoever.

37. While incarcerated, Plaintiff agreed to submit to a polygraph examination. Plaintiff answered the the questions truthfully and indicated she had nothing whatsoever to do with the crime. There was no reasonable basis to believe that Plaintiff provided false information.

38. Neither Defendant ever stated any basis for their belief that Plaintiff participated in the burglary of Ms. Dow's home or that she had any connection whatsoever to those who did perpetrate the crime.

39. At the time of Plaintiff's arrest, none of the individuals who Defendants suspected had participated in the crime against Ms. Dow identified Plaintiff.

40. Plaintiff does not share the same name, appearance, address, or any other identifying information as any person who participated in the crime or who was suspected of participating in the crime against Ms. Dow.

41. The decision to arrest Plaintiff was based solely on a hunch that Plaintiff had knowledge relevant to the investigation of the crime against Dorothy Dow, and was not based on any probable cause to believe that Plaintiff committed any criminal act.

*Subsequent Arrests for the Murder of Ms. Dow*

42. On August 10, 2010, two females, Angel Latrice Harmon, 17, and Mina Christine Ellery, 17, were arrested for the crime against Ms. Dow.

43. Neither Harmon nor Ellery physically resemble Plaintiff.

44. Grady, Heard, Harmon, and Ellery were each indicted by a grand jury on November 27, 2017 for malice murder, felony murder, two counts

of aggravated assault, armed robbery, home invasion, three counts of first degree burglary, three counts of aggravated battery, hindering an emergency telephone call, tampering with evidence and possession of a firearm during the commission of a felony.

45. On December 15, 2017, Grady and Heard pled guilty to the charges of malice murder, theft of an emergency alert necklace, home invasion, and aggravated assault, agreeing to testify against Ellery and Harmon in their upcoming trials.

*Consequences of Plaintiff's Arrest*

46. Plaintiff suffered and continues to suffer severe emotional distress as a result of her arrest and incarceration, including anxiety, depression, nightmares, embarrassment, nervousness, and humiliation.

47. Plaintiff was forced to drop out of college and return home due to anxiety caused by her arrest and incarceration.

48. Additionally, Plaintiff suffered damage to her reputation as a result of being publicly arrested by multiple police officers at her workplace.

## CLAIMS FOR RELIEF

### Count I

### *Malicious Prosecution under 42 U.S.C. § 1983 and Georgia Law*

49. This Count is alleged against Defendant Durand and Defendant Howard. It incorporates the factual allegations set forth above.

50. Prior to her arrest, Plaintiff had not committed any offense or violated any law that would authorize her arrest.

51. Defendant Howard actively participated in the decision to obtain an arrest warrant against Plaintiff.

52. Defendants initiated a criminal prosecution against Plaintiff and no reasonable police officer could have believed that probable cause existed to support Plaintiff's arrest.

53. Defendants displayed a reckless disregard for Plaintiff's constitutional rights.

54. Defendant Durand failed to set forth in his warrant affidavit sufficient facts to enable the magistrate to make an independent finding of probable cause. The affidavit does not articulate the basis for Defendant Durand's belief that Plaintiff committed the alleged crime or that he had personal knowledge of the circumstances of Plaintiff's involvement in the crime.

55. On August 8, 2016, and at no time thereafter, were Defendants were not aware of any facts that would establish probable cause to arrest Plaintiff. The reason the warrant application affidavit does not contain any information to establish probable cause is because no information existed.

56. Defendants have no current doubt that Plaintiff is factually innocent of the charges made against her in the arrest warrant, or of any other conduct surrounding any crime against Dorothy Dow.

57. The lack of probable cause was reinforced when, in response to Defendant Howard's inquiry, two suspects informed Defendant Howard that Plaintiff did not participate with them in the commission of the crime.

58. Defendants maintained a criminal prosecution against Plaintiff and they knew or should have known that no arguable probable cause existed to support Plaintiff's arrest.

59. Defendants ignored exculpatory information despite their obligation to investigate further and caused Plaintiff's continued detainment, in reckless disregard for Plaintiff's Constitutional rights.

60. The actions of Defendants were the proximate cause of Plaintiff's arrest and incarceration and damages arising therefrom.

61. Plaintiff was released from jail without charges, thus terminating the criminal prosecution in her favor.

62. Clearly established law shows that seeking an arrest warrant without arguable probable cause violates the Fourth Amendment of the United States Constitution.

## Count II
### *Attorney's Fees under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11*

63. This Count incorporates the factual allegations set forth above.

64. Plaintiff is entitled to recover expenses personally of litigation under O.C.G.A. § 13-6-11 because Defendants have acted in bad faith and/or caused Plaintiff unnecessary trouble and expense.

65. Upon prevailing in this action, Plaintiff is entitled to recover reasonable attorney's fees under 42 U.S.C. § 1988(b).

### REQUEST FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully prays that this Court:

a)   Assume jurisdiction over this action;

b)   Hold a trial by jury on all issues so triable;

c)   Award nominal, compensatory, punitive, and other damages against Defendants in their individual capacities in an amount determined by a jury;

d)   Award reasonable attorney's fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable laws;

e)   Award such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of August, 2018.

| | |
|---|---|
| s/Jeffrey R. Filipovits | s/Jennifer Hickey |
| Jeffrey R. Filipovits | Jennifer Hickey |
| Georgia Bar No. 825553 | Georgia Bar No. 440019 |
| | |
| FILIPOVITS LAW, PC | LAW OFFICE OF JENNIFER HICKEY, LLC |
| 2900 Chamblee-Tucker Road Building 1 | 1310 Rockbridge Rd SW Ste G2 |
| Atlanta, GA 30341 | Stone Mountain, GA 30087 |
| 678-237-9302 | 770-674-8252 |
| jeff@law.filipovits.com | jennifer@jenniferhickeylaw.com |