IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| VIVIANNE JADE WASHINGTON | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL NO: 3:18-cv-00086-TCB |
| | ) | |
| INVESTIGATOR JASON DURAND, | ) | |
| in his individual capacity, | ) | |
| INVESTIGATOR HUGH HOWARD, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW, Defendants Investigator Jason Durand (hereinafter "Durand"), in his individual capacity, and Investigator Hugh Howard (hereinafter "Investigator Howard"), in his individual capacity, (hereinafter "Defendants"), and file this, their Answer and Defenses to Plaintiff's Complaint for Damages (hereinafter "Plaintiff's Complaint"):

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims against Defendants are barred by the doctrines of qualified immunity and official/governmental immunity.

## THIRD DEFENSE

Any alleged unlawful act or omission of Defendants, which alleged unlawful act or omission Defendants specifically deny, was not the proximate cause of any alleged damages or injury suffered by Plaintiff.

## FOURTH DEFENSE

Defendants are not liable to Plaintiff in any amount because Defendants did not in any way deprive Plaintiff of any right, privilege or immunity secured by the Constitution or federal/state law as alleged in the Plaintiff's Complaint or otherwise.

## FIFTH DEFENSE

No act or omission of Defendants was the proximate or legal cause of Plaintiff's alleged damages.

## SIXTH DEFENSE

Defendants did not violate Plaintiff's constitutional rights as alleged or otherwise.

## SEVENTH DEFENSE

Defendants are not liable to Plaintiff in any amount because Defendants did not

act as alleged in Plaintiff's Complaint.

## **EIGHTH DEFENSE**

Defendants are not liable to Plaintiff because Plaintiff's damages, if any, are due to the acts and omissions of other individuals and entities other than Defendants.

## **NINTH DEFENSE**

To the extent as may be shown by evidence through discovery which provides factual or legal support, Defendants assert and reserve the defenses of accord and satisfaction, arbitration clauses, discharge in bankruptcy, duress, estoppels, failure of consideration, failure to mitigate, failure to satisfy a condition precedent including but not limited to ante litem notice, exhaustion of administrative remedies, etc., fraud, illegality, fellow servant doctrine and exclusive remedy, laches, lack of proximate cause, license and consent, set-off and payment, release and covenant not to sue, res judicata, issue and claim preclusion, statute of frauds, any and all statutes of limitation, and waiver.

## **TENTH DEFENSE**

For its Eleventh Defense, Defendants answer the enumerated paragraphs of Plaintiff's Complaint as follows:

## **BACKGROUND**

Plaintiff's Complaint contains an unnumbered section titled, "Background." <u>See</u>

Plaintiff's Complaint, pp. 1-2.  To the extent this "Background" section requires a response, Defendants deny the allegations contained in the "Background" of Plaintiff's Complaint.

## PARTIES

### 1.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One (1) of Plaintiff's Complaint and, therefore, deny same.

### 2.

Defendants deny as pled the allegations contained in Paragraph Two (2) of Plaintiff's Complaint.

### 3.

Defendants admit the allegations contained in Paragraph Three (3) of Plaintiff's Complaint.

### 4.

Defendants admit the allegations contained in Paragraph Four (4) of Plaintiff's Complaint.

### 5.

Defendants admit the allegations contained in Paragraph Five (5) of Plaintiff's

Complaint **JURISDICTION AND VENUE**

6.

Defendants deny as pled the allegations contained in Paragraph Six (6) of Plaintiff's Complaint.

7.

Defendants deny as pled the allegations contained in Paragraph Seven (7) of Plaintiff's Complaint.

8.

Defendants admit the allegations contained in Paragraph Eight (8) of Plaintiff's Complaint.

9.

Defendants admit the allegations contained in Paragraph Nine (9) of Plaintiff's Complaint.

10.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten (10) of Plaintiff's Complaint and, therefore, deny same.

11.

Defendants are without personal knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint and, therefore, deny same.

## 12.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve (12) of Plaintiff's Complaint and, therefore, deny same.

## 13.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen (13) of Plaintiff's Complaint and, therefore, deny same.

## 14.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen (14) of Plaintiff's Complaint and, therefore, deny same.

## 15.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen (15) of Plaintiff's Complaint and, therefore, deny same.

16.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixteen (16) of Plaintiff's Complaint and, therefore, deny same.

17.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventeen (17) of Plaintiff's Complaint in their entirety and, therefore, deny same.  As a further response, Defendants admit Plaintiff came into the custody of the Meriwether County Sheriff's Office.

18.

Defendants deny as pled the allegations contained in Paragraph Eighteen (18) of Plaintiff's Complaint.

19.

Defendants admit the allegations contained in Paragraph Nineteen (19) of Plaintiff's Complaint.

20.

Defendants admit the allegations contained in Paragraph Twenty (20) of Plaintiff's Complaint.

21.

Defendants deny as pled the allegations contained in Paragraph Twenty-One (21) of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in Paragraph Twenty-Two (22) of Plaintiff's Complaint.

23.

Defendants admit the allegations contained in Paragraph Twenty-Three (23) of Plaintiff's Complaint.

24.

Defendants admit the allegations contained in Paragraph Twenty-Four (24) of Plaintiff's Complaint.

25.

Defendants admit the allegations contained in Paragraph Twenty-Five (25) of Plaintiff's Complaint.

26.

Defendants admit the allegations contained in Paragraph Twenty-Six (26) of Plaintiff's Complaint.

27.

Defendants admit the allegations contained in Paragraph Twenty-Seven (27) of Plaintiff's Complaint.

28.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Eight (28) of Plaintiff's Complaint and, therefore, deny same.

29.

Defendants admit the allegations contained in Paragraph Twenty-Nine (29) of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph Thirty (30) of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph Thirty-One (31) of Plaintiff's Complaint.

32.

Defendants admit the allegations contained in Paragraph Thirty-Two (32) of Plaintiff's Complaint.

33.

Defendants admit the allegations contained in Paragraph Thirty-Three (33) of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in Paragraph Thirty-Four (34) of Plaintiff's Complaint.

35.

Defendants deny as pled the allegations contained in Paragraph Thirty-Five (35) of Plaintiff's Complaint.

36.

Defendants admit the allegations contained in Paragraph Thirty-Six (36) of Plaintiff's Complaint.

37.

Defendants deny the allegations contained in Paragraph Thirty-Seven (37) of Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph Thirty-Eight (38) of Plaintiff's Complaint.

39.

Defendants deny the allegations contained in Paragraph Thirty-Nine (39) of Plaintiff's Complaint.

40.

Defendants deny as pled the allegations contained in Paragraph Forty (40) of Plaintiff's Complaint.

41.

Defendants deny the allegations contained in Paragraph Forty-One (41) of Plaintiff's Complaint.

42.

Defendants admit the allegations contained in Paragraph Forty-Two (42) of Plaintiff's Complaint.

43.

Defendants deny as pled the allegations contained in Paragraph Forty-Three (43) of Plaintiff's Complaint.

44.

Defendants admit the allegations contained in Paragraph Forty-Four (44) of Plaintiff's Complaint.

45.

Defendants admit the allegations contained in Paragraph Forty-Five (45) of Plaintiff's Complaint.

46.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Six (46) of Plaintiff's Complaint and, therefore, deny same.

47.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Seven (47) and, therefore, deny same.

48.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Eight (48) of Plaintiff's Complaint and, therefore, deny same.

## COUNT I
### *Malicious Prosecution Under 42 U.S.C. § 1983 and Georgia Law*

49.

Defendants reincorporate by reference as if restated verbatim herein their

response to Plaintiff's "factual allegations set forth above." As a further response, Defendants deny any further allegations contained in Paragraph Forty-Nine (49) of Plaintiff's Complaint.

50.

Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty (50) of Plaintiff's Complaint and, therefore, deny same.

51.

Defendants admit the allegations contained in Paragraph Fifty-One (51) of Plaintiff's Complaint.

52.

Defendants deny the allegations contained in Paragraph Fifty-Two (52) of Plaintiff's Complaint.

53.

Defendants deny the allegations contained in Paragraph Fifty-Three (53) of Plaintiff's Complaint.

54.

Defendants deny the allegations contained in Paragraph Fifty-Four (54) of Plaintiff's Complaint.

55.

Defendants deny the allegations contained in Paragraph Fifty-Five (55) of Plaintiff's Complaint.

56.

Defendants admit the allegations contained in Paragraph Fifty-Six (56) of Plaintiff's Complaint.

57.

Defendants deny as pled the allegations contained in Paragraph Fifty-Seven (57) of Plaintiff's Complaint.

58.

Defendants deny the allegations contained in Paragraph Fifty-Eight (58) of Plaintiff's Complaint.

59.

Defendants deny the allegations contained in Paragraph Fifty-Nine (59) of Plaintiff's Complaint.

60.

Defendants deny the allegations contained in Paragraph Sixty (60) of Plaintiff's Complaint.

61.

Defendants admit the allegations contained in Paragraph Sixty-One (61) of Plaintiff's Complaint.

62.

Defendants admit the allegations contained in Paragraph Sixty-Two (62) of Plaintiff's Complaint.

## COUNT II
### *Attorney's Fees under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11*

63.

Defendants reincorporate by reference as if restated verbatim herein their response to Plaintiff's "factual allegations set forth above." As a further response, Defendants deny any further allegations contained in Paragraph Sixty-Three (63) of Plaintiff's Complaint.

64.

Defendants deny the allegations contained in Paragraph Sixty-Four (64) of Plaintiff's Complaint.

65.

Defendants deny as pled the allegations contained in Paragraph Sixty-Five (65) of Plaintiff's Complaint.

66.

To the extent the Plaintiff's prayer for relief requires a response, Defendants deny all allegations contained therein and further deny Plaintiff is entitled to any recovery whatsoever against Defendants.

67.

Any allegation not specifically admitted herein is hereby denied.

WHEREFORE, Defendants pray that all parties consent to trial by jury of twelve and that Plaintiffs' Complaint against them be dismissed with prejudice, with all costs assessed against Plaintiff and that Defendants have such other relief as the Court deems justice to demand.

This 21st day of December, 2018.

**[Signature on next page.]**

Respectfully submitted,
**BUCKLEY CHRISTOPHER, P.C.**

/s/ Timothy J. Buckley III

_____
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
TAYLOR W. HENSEL
Georgia State Bar No. 572754
Attorney for Defendants

2970 Clairmont Road NE
Suite 650
Atlanta, Georgia 30329
(404) 974-4570
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
thensel@bchlawpc.com

**DEFENDANTS DEMAND TRIAL BY JURY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, I electronically filed DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES using the CM/ECF system.  I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Jeffrey Filipovits
Filipovits Law, P.C.
Building 1
2900 Chamblee-Tucker Road
Atlanta, Georgia 30341
Attorney for Plaintiff

Jennifer Beth Hickey
Law Office of Jennifer Hickey
Suite G2
1310 Rockbridge Road, SW
Stone Mountain, Georgia 30087

**[Signature on next page.]**

- 18 -

**BUCKLEY CHRISTOPHER, P.C.**

/s/ Timothy J. Buckley III

_____
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
TAYLOR W. HENSEL
Georgia State Bar No. 572754
Attorney for Defendants

2970 Clairmont Road
Suite 650
Atlanta, Georgia 30329
(404) 974-4570
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
thensel@bchlawpc.com