IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

VIVIANNE JADE WASHINGTON,    )
                                    )
      Plaintiff,            )     CIVIL ACTION FILE
                                    )     NO. 3:18-cv-00086-TCB
v.                             )
                                    )
INVESTIGATOR JASON DURAND,    )
in his individual capacity,        )
INVESTIGATOR HUGH HOWARD,     )
in his individual capacity,        )
                                    )
      Defendants.       )

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW Investigator Hugh Howard (hereinafter "Lt. Howard"), a named Defendant in the above-styled action and, by and through undersigned counsel, files this, his Reply Brief in Support of His Motion for summary Judgment.[1]

## INTRODUCTION

*"The Constitution does not guarantee that only the guilty will be arrested. If it did,*

*§ 1983 would provide a cause of action for every defendant acquitted—indeed, for*

---

[1] Plaintiff has elected to proceed only on her 42 USC § 1983 claim against Lt. Howard.  Plaintiff intends to dismiss all claims against Mr. Durand, the only other defendant named in this suit, and dismiss the state law claim against Lt. Howard.  Doc. 57, p. 12.

*every suspect released." Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 61*

*L.Ed.2d 433 (1979).*

## ARGUMENT AND CITATION TO AUTHORITY

I.    **Probable cause or arguable probable cause existed until Plaintiff's release.**

A deputy's decision to arrest a suspect may be objectively reasonable even though that deputy has not specifically discarded every possible non-criminal explanation for the conduct that forms the basis for his decision to arrest a suspect. See United States v. Pantoja–Soto, 739 F.2d 1520 (11th Cir.1984), cert. denied, 470 U.S. 1008, 105 S.Ct. 1369, 84 L.Ed.2d 389 (1985).  Lt. Howard had no duty to continue investigation to resolve all inferences and factual conclusions in favor of Plaintiff.  Bailey v. Bd. of County Comm'rs, Alachua Cnty., Fla., 956 F.2d 1112, 1120 n.5 (11th Cir. 1992).  In response, Plaintiff points to three Eleventh Circuit cases to argue that Lt. Howard retained this duty after arrest; however, none of the cited cases show an affirmative duty to investigate. Doc. 57, p. 15. Instead, those cases, discussed in turn below, only stand for the proposition that probable cause must continue to carry out a prosecution.  Id.

In Kjellsen v. Mills, 517 F.3d 1232 (11th Cir. 2008), the fact that a retest of blood results which showed a lower blood-alcohol content was withheld by officers

did not negate the probable cause necessary to continue a DUI prosecution. In <u>Wood v. Kesler</u>, 323 F.3d 872 (11th Cir. 2003), probable cause was found and continued even after the criminal defendant refused to sign his reckless driving citation. Finally, in <u>Dunn v. Norrington</u>, No. 1:08-CV-2217-JEC, 2010 WL 11527349 (N.D. Ga. Mar. 29, 2010), this Court found that probable cause was extinguished, giving rise to a malicious prosecution claim, where a few days after the arrest a video was reviewed confirming the plaintiff was at a different location at the time of the underlying rape and robbery but *did not inform* the DA or the court about the alibi evidence. Certainly, these facts are light years from those.

To be clear, Plaintiff argues that probable cause existed to effect Plaintiff's arrest but that probable cause was extinguished "once Plaintiff had been interviewed and Heard recanted his identification." Doc. 57, p. 13. Heard's recantation came *after* Plaintiff was polygraphed and admitted she was involved in the Dow crime. Doc. 57-1, ¶¶ 44, 48. It is undisputed that until the moment Plaintiff admitted to the crime but could not fabricate facts consistent with involvement in the Dow crime, Lt. Howard believed Plaintiff was involved. <u>Id.</u> at ¶ 47. After Lt. Howard realized Plaintiff's inaccuracies, Lt. Howard interviewed Heard again, learned that Heard had lied about Plaintiff's involvement, confirmed that with his own polygraph, and *immediately* released Plaintiff. <u>Id.</u> at ¶¶ 48-50. The time between Plaintiff being

booked at the jail and confessing after her polygraph was approximately three hours. Id. at ¶¶ 36-37.

In a recent Eleventh Circuit case, the court found in favor of the defendant law enforcement officer who sought an arrest warrant for the plaintiff based on the identification of plaintiff as the perpetrator of a burglary by the victim of the burglary.  See Banks v. Bostic, No. 17–13986, 2018 WL 1158306, at *1 (11th Cir. Jan. 10, 2018).  The charges against the plaintiff were later dismissed when it was determined she was not, in fact, the perpetrator.  The plaintiff filed suit against the defendant law enforcement officer, alleging malicious prosecution in violation of her Fourth Amendment rights.  However, the district court found that the defendant officer was entitled to qualified immunity; the Eleventh Circuit affirmed, stating, "Mistakes of the sort that seems to have occurred here are regrettable, but inevitable, and do not defeat qualified immunity. Rather, as the Supreme Court has emphasized, '[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity.'"  Id. at *2 (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

The court further provided, "Under our case law, an eyewitness's identification of a perpetrator is ordinarily sufficient to establish probable cause for an arrest."  Id.  Similarly, in the present case, Lt. Heard reasonably concluded that

- 4 -

probable cause was present based on Heard's identification and, therefore, is entitled to immunity.  Heard's identification of Plaintiff was sufficient to establish probable cause for an arrest.  Later,  probable cause was extinguished, i.e. when that eyewitness recanted his identification, and Plaintiff was released.

## II.    Lt. Howard's investigation was reasonable and continued the probable cause which precipitated Plaintiff's arrest.

Plaintiff argues that Kingsland required Lt. Howard to "investigate evidence that would have established Plaintiff's innocence."  Doc. 57, p. 19.  However, Plaintiff does not and indeed cannot cite to any precedent to support that position. Further, even if Kingsland applied to all false arrest cases, the facts there are distinguishable from the present facts.

In Kingsland, the plaintiff was involved in an automobile accident with a police officer. 382 F.3d at 1223. The investigating officers arrested the plaintiff for running a red light and driving under the influence of marijuana. Id.  The court noted several inconsistencies with the evidence and a total lack of meaningful investigation.  Id. at 1226. Even though the defendants charged the plaintiff with running a red light, they did not talk to either plaintiff or any of the passengers in either vehicle, just the officer involved in the accident.  Id. at 1223 ("no officer asked Kingsland for a statement of her version of the events or spoke to any witnesses on

the scene"). One officer claimed he smelled marijuana, but there was no search of the plaintiff's vehicle, no drug dog called, and the plaintiff's clothing was not preserved. Id. at 1226. Though the defendants had evidence readily available, they chose not to investigate. Id. "[A qualified immunity analysis] must charge [the officer] with possession of all the information *reasonably discoverable* by an officer acting reasonably under the circumstances." Id. at 1228 (emphasis added) (quoting Sevigny v. Dicksey, 846 F.2d 953 (4th Cir.1988)).

The case sub judice akin to the facts in Hendricks v. Sheriff, Collier County, Florida, 492 Fed. Appx. 90, 93-94 (11th Cir. 2012). There, this Court distinguished Hendricks from Kingsland because in Kingsland, unlike Hendricks, "the actual or arguable probable cause to arrest was based solely upon the defendant officers' testimony against the arrestee-plaintiff." Id. The Hendricks Court found that "the officers had probable cause to arrest that was not fraudulently obtained and that arose independently of their own observations, i.e. the victims'…identification." Id. at 94. Here, the probable cause was obtained through the independent testimony of Heard and corroborated by Plaintiff through her multiple confessions.

**III.    The length of Plaintiff's detention based on a valid arrest warrant cannot support any constitutional claim.**

Plaintiff was released within twenty-five hours of her initial booking.  See Booking Report.  Plaintiff does not attack the validity of the arrest warrant which precipitated Plaintiff's booking. Doc. 57, p. 12.  Persons arrested pursuant to warrant and held for some period of days do not and cannot have a claim for constitutional deprivation based on that period of incarceration.  Baker v. McCollan, 443 U.S. 137, 144-45, 99 S.Ct. 2689, 2694-95, 61 L.E.2d 433 (1979) (finding a 3-day deprivation of liberty resulting from mistaken identity did not give rise to a constitutional claim because the plaintiff was arrested and detained on a valid warrant).

In Chapman v. City of Atlanta, 192 Fed.Appx. 922 (11th Cir. 2006), Chapman brought a § 1983 claim against the City based upon a misidentification which led to her arrest and subsequent incarceration in the City Jail for eighteen hours until her release when it was determined she was not the suspect in the underlying crime. There, citing Baker, the Court held that "[b]ecause Chapman was arrested and held pursuant to a valid arrest warrant and because she was released within twenty four hours," her constitutional claims failed.  Id. at 924.  Here, the time of detention is similar to that in Chapman (twenty-five hours).

**IV.   Lt. Howard is Entitled to Qualified Immunity.**

Plaintiff does not contest that Lt. Howard was acting within is discretionary duty.  Therefore, the burden is on the Plaintiff to show a violation of a clearly established constitutional right. <u>Penley v. Eslinger</u>, 605 F.3d 843, 849 (11th Cir. 2010).

As shown above and in Lt. Howard's Motion for Summary Judgement, Doc. 54, Plaintiff has failed to establish Lt. Howard violated her clearly established constitutional rights.  Therefore, Lt. Howard is entitled to qualified immunity.

**<u>CONCLUSION</u>**

For the foregoing reasons, Lt. Howard respectfully requests that this Court grant his Motion for Summary Judgment as to all of Plaintiff's claims against him, casting all costs upon Plaintiff.

This 20th day of November, 2019.

**{Signature on following page.}**

Respectfully submitted,

**BUCKLEY CHRISTOPHER, P.C.**[2]


/s/ Taylor W. Hensel
_____

TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
TAYLOR W. HENSEL
Georgia State Bar No. 572754
Attorneys for Defendants

2970 Clairmont Road NE
Suite 650
Atlanta, Georgia 30329
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
thensel@bchlawpc.com

---

[2] Counsel for Defendants hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.C.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2019, I electronically filed the REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jeff Filopovits, Esq.

**BUCKLEY CHRISTOPHER, P.C.**

/s/ Taylor W. Hensel
_____

2970 Clairmont Road NE          TAYLOR W. HENSEL
Suite 650                       Georgia State Bar No. 572754
Atlanta, Georgia 30329          Attorneys for Defendants
(404) 633-9230 (telephone)
(404) 633-9640 (facsimile)
thensel@bchlawpc.com